Thank you, your honors. My name is Eric Freese. I'm the attorney for the appellant EHOF Lakeside, the owner of 450 acres in unincorporated Riverside County in California. This case really is a test of whether or not the US Supreme Court's decision last year in Nick has any practical significance for taking jurisprudence. The EHOF's case is not a regulatory taking case. This is a case that concerns the need for the county of Riverside and its related entities to acquire and conserve lands so that they can build their freeways and other public projects on an expedited basis, saving themselves hundreds of millions of dollars by doing it large program of acquisition. This is not a situation where EHOF is asking that the MSHCP, that multi-species habitat conservation plan, be interpreted. The plan is the reason that the county and the other entities want to take and have taken EHOF Lakeside's property. It doesn't need to be interpreted,  They have blocked development of property that is, as general plan designation, all the regulatory aspects of land use allow residential development on this property. Counsel, I have a question. Excuse me. Oh, I'm sorry, Judge Fletcher. No, go ahead, Judge. Let me ask a quick question here. As I understand it, you have a state law claim that pertains to your claimed right to full compensation through a specific procedure. There's a process that you are arguing must be followed to evaluate and grant compensation. If you are successful in achieving compensation through that process that you have sought, then it seems to me it would make the takings claim moot because there would be no taking if you achieved just compensation. So I'm having a hard time understanding, regardless of Nick, why that wouldn't be a permissible ground for abstention. Your Honor, what we're seeking in state court is a taking on a land banking inverse condemnation theory. That is correct. When the property was first taken by the county and its related entities, Nick didn't exist. We didn't have an alternative of coming into federal court. Once Nick was issued, we immediately filed a federal court action with the intention of staying the state court action. But, Counsel, I guess I'm pointing not just to the inverse condemnation. I thought that you were asking for a particular process that you claim that under declaratory relief, you were asking for a particular plan or regulatory process to be followed that would result in payment to you of the amount that you seek. Am I wrong about that? You are, and there's a subtlety to it that I need to explain. The RCA, the acquisition, the Regional Conservation Authority, the acquisition entity, the county and the Transportation Authority set up to acquire these properties, does, when it chooses to move forward with an acquisition, it goes through a process of appraisal and so forth. But that doesn't change the fact that the county, as part of this group effort, refused to process the development entitlements to bank this property for later acquisition. And it was that act of not allowing the development entitlements, which are under the general plan, those are under the land use rules, the county would not proceed with those to hold the property aside so that it could be acquired later by the Regional Conservation Authority as part of their plan. Their plan is the reason that they've taken the property, because they need it in order to expedite developments. And one of the important things about NIC is it said that just because you might have a state court ability to get compensation, it does not eliminate the fact that you had a taking at the time of the taking, a fifth amendment violation. Mr. Friest, if I can interrupt, I've got a couple of questions. First off, the state law question, how uncertain or unresolved is state law? I'm not talking about application of the facts to the facts of your case, but is state law uncertain within the meaning of Pullman? No, because the state law that's applicable here is the banking cases where developments entitlements are blocked in order to bank property for future acquisition at a presumably lower price, what the court's talked about. That's been established by the California Supreme Court in the Jones decision 50 years ago. There are- And do you have a claim when you filed in your federal suit? Do you have that same claim under state law in the federal suit? We have in the federal suit, a 1983 claim. It's the same concept. I'm asking not about whether you have the 1983 claim in your federal suit. Do you have the state law claim in your federal suit? We do not. We only have a 1983 claim. So why didn't you put your state law claim in there too? We felt that the 1983 claim was the, now that we have the ability to do it, it did everything that we needed to achieve the remedy of the taking. Even though in fact, you could get the compensation you're seeking under state law? I don't understand why you didn't bring your state law claim along with the 1983 claim. Well, it wasn't necessary, Your Honor. We had the 1983 claim. And the 1983 claim would achieve the just compensation for the Fifth Amendment violation. We don't need a separate state constitutional remedy of just compensation. Okay, I've got a separate question. At the time you filed in state court, the Supreme Court had Nick on the books. Anybody who knew this area of the law had a very strong suspicion that the court was finally gonna get around to overruling Williamson County. Let's assume for the purposes of my question that you were fully on notice that Williamson County was very likely to be overruled. Or assume a variation on this. Let's assume that Williamson County had already been overruled. You nonetheless first file in state court. If you filed in state court and then seek later to file in federal court, is there some reason why the federal court shouldn't abstain to get the decision that's in the suit that you've previously filed in state court? If I'm following, Your Honor, if it's assumed that Nick had already become the law. Let's do it cleanly. Let's assume Nick's already been decided. Okay, if Nick's already been- You nonetheless file your first suit in state court. Then you file in federal court, basically a parallel suit, but with only the federal takings claim under 1983. Is there some reason why the federal court should not in that circumstance abstain given that the state court suit is already pending? And you've made your forum choice in light of Nick. Well, if we'd made our forum choice in light of Nick, that would be a different factual situation we had. We did not have Nick. And at the time we filed, I don't think there was any reason to expect that Nick would come out in a timely manner that would allow us- No, I understand that. That's the next question. Let's assume for the moment that Nick has been decided. And then we can get to the question as to whether you had sufficient notice of the outcome of Nick that we should treat it as equivalent. But let's assume Nick's been decided. If Nick's been decided, I think then EHOF, my client, would have had a choice. And if it then chose to bring a state court action followed by a federal court action, I think then you'd have a different circumstance than here. And the district court could say, well, you had a choice. You pick state court. You're gonna finish in state court. Here, Nick had not been decided. I have been practicing in this area a long time, and I did not, I actually viewed Nick as surprising that they did it, and they did it in the way that they did it, which was to truly allow these kinds of taking cases in federal courts and to talk about the importance of the federal remedy for Fifth Amendment takings. Takings cases have long been treated as somewhat less important, if you will, than other civil rights violations in terms of getting federal attention. But counsel, let me ask you one other question about Nick, if Judge Fletcher is done with that particular. And that is the difference between exhaustion, which was the issue in Nick, and abstention, which is the issue here. And it seems to me that Nick didn't necessarily alter the principles that apply to abstention when there are state law issues in state court. And it seems to me also that taking your argument to its logical extension, you would view there being no opportunity for abstention in a takings case after Nick. So what in your view is the relationship between exhaustion, which is what was overturned, and abstention, which remains a live concept? And I think your honor, this case demonstrates it, because this is a de facto taking, a land banking case. There was, this is one where the process didn't go forward because the county needed, with its other agencies, to hold this property aside. That's different than a regulatory taking. We got up to that point where they finally admitted that yes, that's not why, we're not letting you go forward because we need your property for a plan. That's different than a regulatory taking case where it's, you have to apply, see if they'll let you build something. We got to the point where they said, yes, we need your plan. It's a crucial piece of what we have to acquire in order to have this expedited environmental review of our freeways and other projects. So it's as if they put, said they wanted to put the freeway through the middle of our property and said, you can't build on that because the freeway's coming and we need your property to be cheaper because if there's houses on it, it's going to cost us a lot of money. That's this kind of case. And so, because I believe we can demonstrate that that's the kind of case this is, it is not a regulatory taking, it's a physical. So are you saying that Nick wouldn't have applied at all because they wouldn't have had to be exhausted? I'm not saying, Nick applies in that it's saying, once you do the taking, which we can establish. You're not helping me, and it may be that I'm not asking the question very well. I understood the answer you just gave me to say that even without Nick, you would have had no need to exhaust in state court. And if that's true, I don't see what Nick has to do with it. My original question was an assumption that Nick did require you to start in state court, but that you did so with state law issues. And so my question, if that alternative is looked at, is what effect Nick has on the abstention criteria, if any? Well, again, what Nick says is that takings plaintiffs, and takings always involve land, so they always touch on land use. Taking plaintiffs have a federal right, a federal taking right, that is a civil rights violation that can be heard and should be heard by federal courts, even if you could also get compensation under a state court proceeding. So in these types of cases- But that begs the question, whether the state law proceeding is a state law proceeding for a federal claim, or a state law proceeding under state law. And I don't understand Nick to effect that second alternative. It is a state court proceeding, and there is a state court constitutional remedy for a de facto taking like this. But what Nick has said is, just because there is a state constitutional remedy for a de facto taking, that doesn't preclude the federal taking, that it automatically occurs when the taking occurs, and for which there should be a federal remedy. And- But that says nothing about abstention, it seems to me. Well, what it does, if abstention applied as broadly as the district court applied it here, then what it does say is, there is no actual federal remedy. Because you can always have a state court constitutional taking remedy. And if the answer is, okay, well, if state constitutions say you can't take private property without compensation, so you can go to state court, then you'd never have an opportunity to be in federal court. And I do see that. Thank you, I understand your answer. Can I ask one more question before we turn it over to the other side? In your state court case, have you filed a claim not only under state law, but also a federal takings claim? Our current pleading does not have a federal takings claim. Before Nick, we did have. I see, but when you originally filed, it was both a state claim and the federal takings claim. We did have a 1983 positive action, yes. Okay, thank you. Thank you, we've used a lot of your time with questions. You may have one minute for rebuttal, even though you've exceeded your time. So we will now hear from Mr. Kettles. Thank you, Your Honor. Good morning, Greg Kettles of Best Best and Krieger, appearing on behalf of the Riverside County Transportation Commission. Mr. Kettles, can you speak up a little bit? I'm having trouble hearing you. Yes, Your Honor, thank you. Appearing on behalf of the Riverside County Transportation Commission, and the Western Riverside County Regional Conservation Authority, or RCA, as it's sometimes referred to. This is a case about a plaintiff who filed a takings challenge to a local habitat conservation program in state court, and now seeks to litigate virtually the same lawsuit on a parallel track in federal court. This would be a witness of judicial resources, and also the scarce resources of my public agency clients. It is also premature because there are embedded in the takings claim certain state law issues that would either moot the federal takings claim or presented in a very different posture. And because of this, the district court was correct in electing to abstain and stay the case, pending the outcome in state court under the Pullman Doctrine. One of the requirements of Pullman is that the state law be unresolved. Are there any issues of state law that are unresolved here? I'm not talking about application of settled law to facts. I'm talking about unresolved issue of state law. Are there any such issues here? Yes, Your Honor, there are. The unsettled question is more true than the Species Habitat Plan, the plan which I'll call for short MSHCP. That has not been interpreted by a court of appeal in a published decision, at least with respect to the obligations of the defendants as far as acquisition process and timing, et cetera. In the state court of action, the plaintiff has alleged that the RCA is required under the plan to acquire their property and do so under a certain timeframe. This is dictated by the plan. The defendants dispute that interpretation of the plan. This is a state law document. It's a plan that was adopted by a number of local jurisdictions in Riverside County, the County of Riverside and the RCTC. This plan needs to be interpreted regarding what exactly is the obligation of RCA with respect to acquisition? What exactly is the obligation of the RCA with respect to the timing, the process and the amount of compensation? We don't have a published opinion on the plan. We don't have a published decision even coming close to something analogous to that. So this court is not under position to predict with any degree of certainty how the California Supreme Court or the California Court of Appeal would interpret the plan in that respect. And if, excuse me, if the plaintiff is successful in interpreting the plan the way they contend that it should be interpreted, would that moot the federal takings claim or even if not presented in a different light? Well, it could certainly moot the federal takings claim because if the plaintiff is correct that the plan requires RCA to acquire the property and compensate them under the terms of the plan, they are fully compensated for the value of that property. And so the takings claim at that point is really moot. Now the defendants dispute that interpretation of the plan, but if plaintiff is right, then they'll be fully compensated through the plan itself and there'll be no need to make additional leave under the takings clause. I do wanna address some of the points that plaintiff's counsel made with respect to the application of the Nick case. And as the retriever correctly pointed out, Nick Jessup ruled Williamson County's holding that a takings plaintiff hadn't sued in state court before suing in federal court. The Nick case explicitly left intact Williamson County's other holding that says you cannot sue for taking into your claim is right. And the Nick case did not address at all any of the other many federal doctrines that resulted in limiting access to the federal courts and for example, and abstention as well. The survival of the Pullman case in the takings context is not inconsistent with Nick. Pullman has applied on a case by case basis. You have to satisfy the three factors and even then it's discretionary. The Williamson County rule that was overturned by Nick was a mandatory rule that said you cannot come to federal court period until you pursue these claims in state court. Further, Nick is about federal claims. Pullman is about state law issues that are embedded in those federal claims. It's a completely different situation the two cases address. What plaintiff is asking here is for Nick to be read to carve out an exception to Pullman for takings cases. If the Supreme Court were going to carve out an exception to Pullman through Nick, I think the court would have been explicit about that. They're not. There's nothing in the opinion to indicate that somehow Pullman is supposed to be read differently. There are a couple other points that plaintiff's counsel made in his opening argument that I do wanna address. First, this notion of Nick as a new case. Nick had been argued in January of last year and was submitted at that time. Plaintiff filed the state court lawsuit and there was nothing compelled for the plaintiff to bring the lawsuit at that time. Plaintiff could have waited until June when the Nick decision was in fact released and was expected to be released. I'm having trouble hearing you. You've dropped your voice. I've been having trouble all along, but I'm having a great deal of trouble now. I'll speak up, Your Honor. So Nick was submitted at the time that the plaintiff had filed the state court action here. There was no need to jump the gun. Plaintiff could have waited to see how Nick turned out. Plaintiff made the election to sue in state court knowing that Nick was coming down the pike and filed- Well, he says he didn't know. I'm sorry. Just quickly though, would the lawsuit have been timely? Had it been filed after the Nick opinion came out? In terms of the statute of limitations. Most definitely. And this is reflected in our papers that are in our request for additional notice that are part of the record. In the state court action, we've argued that their claims are unripe and that they have failed to exhaust their administrative remedies. And so we don't even think that they should be filing a lawsuit yet because there are more processes that they have to go through. So clearly they were not, we don't think that they had to file when they had to. Counsel, on your point about ripeness, and you said that they haven't exhausted their administrative remedies. Are you referring specifically to the permitting process that they were going through up to a certain point? I'm referring to the MSHCP. This plan has a dispute resolution process built into it. And so if a plaintiff is unhappy with the pace at which their entitlements are being considered, there were certain processes that they could have invoked under the MSHCP before filing suit, and they did not invoke those processes. That's the basis of our exhaustion argument. Now, the plaintiff argues that the problem here is that the county denied entitlement of the property, and that's why they have a takings claim. That doesn't matter. There is still this embedded state law issue about what kind of relief would the plan give them because of the county's failure to entitle the property, because of the RCA's failure to immediately make an offer to acquire the property. We still need to understand what the plan says, what the state law plan says before we can decide whether plaintiff has relief under the takings clause, whether that's moot, or whether their takings claim might be put into a deflight, or substantially narrowed, which is all the Pullman abstention doctrine requires. One other point is plaintiff's counsel emphasizes that the fact that this is a land banking case, as opposed to a regulatory takings case, makes a difference. That is not a recognized distinction under the long line of Ninth Circuit cases applying the Pullman abstention doctrine to land use regulatory disputes. Whether it's regulatory or whether it's de facto makes no difference whatsoever. The fact remains that there's a state law issue embedded there whose resolution is uncertain, who might moot the federal takings claim that should be resolved before the federal court exercises jurisdiction. Finally, plaintiff's counsel argued that NIC should be read in a special way because takings cases can only apply where there's been a taking of property. In other words, it's always gonna be a land use case. That is not so. The takings clause applies to property. And so one can imagine the takings claim being based on an intellectual property right, or right of personal property that would come outside the land use context and would therefore be treated somewhat differently according to Ninth Circuit law on Pullman abstention. Your honors, I think that I have addressed the precedent points that opposing counsel made in his opening argument. I do wanna add that when plaintiff's counsel was asked what are the uncertainties in state law, plaintiff's counsel pointed to takings law, that there are all these takings claims that make it clear that there's been a takings claim here. Those cases, those takings cases are putting the cart before the horse. As long as we still need to interpret the state law issue about what the plan requires, it doesn't matter whether there's been clearly a taking or not, because you need to resolve that state court question first. We dispute there's a taking, but more to the point, we need to resolve what the plan says about plaintiff's right to recovery through the plan before we get to their taking. If the panel has any other questions about the defendant's position, I'd be pleased to answer them. If there are none, I'd just like to close by saying the district's court's order, abstaining and staying the case under the Pullman Doctrine pending final resolution of the same claim in state court would be affirmed. We need to resolve the meaning of the state law plan governing habitat conservation for endangered and threatened species before we can determine whether in fact plaintiff has a taking claim under the federal constitution at all. Thank you very much. Thank you, counsel. Mr. Freese, you have a minute for rebuttal. You're still muted, sir. Thank you very much, your honor. So just briefly on that last point, we don't need to wait for the plan to be interpreted because the county and its related entities have already acted. They determined that they were not going to allow EHOF's property to be entitled for development and built because they know they need to acquire it. They banked it. If they later on decide that there are a couple of acres they don't want to acquire, it will not change the fact that they banked this property. This property would have houses built on it and people would be living in it on it if they had not banked this property. So it's not about an interpretation of that plan. They have already acted. The county has said this property is set aside. You cannot build on it because we've got a need to acquire land for our plan so we can build freeways faster. They've already done it. The taking has occurred. There's nothing left to interpret about whether or not there's a taking. Thank you, counsel. The case just argued is submitted and we thank you both for very thoughtful and helpful arguments and we are adjourned for this session.
judges: Graber, W. Fletcher, Kobayashi